IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| WHITNEY NATIONAL BANK )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>THOMAS J. MILLS and SAFETY GUIDE )<br>OF ALABAMA, LLC. )<br>)<br>Defendants. ) | Case No.: 2:07-CV-414-MEF |

### ANSWER OF DEFENDANT THOMAS J. MILLS

Comes now the defendant, Thomas J. Mills, by and through undersigned counsel, and in answer to the Complaint filed in this cause and count thereof, says as follows:

**Response to Factual Allegations**

1. This defendant neither admits nor denies the allegations contained in paragraph 1 of plaintiff's Complaint as this defendant is without sufficient information to form an opinion or belief as to the truth of the allegations contained therein and leave plaintiff to its strict proof.

2. Admitted.

3. Admitted.

4. Admitted.

5. Admitted.

6. The terms "related to" in paragraph 6 are ambiguous. Subject to the meaning of those terms, the allegations in paragraph 6 are admitted.

7. Admitted.

8. This defendant admits that some time around March 12, 2007, an officer or employee of Highway Solutions wrote an $80,000 check on its Whitney Bank account payable to Safety Guide which was deposited into Safety Guide's account at another bank and subsequently honored by Whitney Bank. It is unknown to this defendant as to plaintiff's meaning as referenced in paragraph 8 of the terms "entrusted with the checks", therefore this defendants denies this portion of the allegations in paragraph 8.

9. This defendant admits that some time around March 12, 2007, an officer or employee of Safety Guide issued a check on its account with another bank to Highway Solutions in the amount of $150,000 which was deposited with Whitney Bank around that date. It is unknown to this defendant as to plaintiff's meaning as referenced in paragraph 9 of the terms "entrusted with the checks", therefore this defendants denies this portion of the allegations in paragraph 9.

10. The term "immediately" in paragraph 10 is ambiguous. Subject to the meaning of that term, the allegations in paragraph 10 are admitted.

11. Admitted.

12. The defendant adopts and incorporates his previous responses set out herein as its response to the allegations in this paragraph.

13. Admitted.

14. Admitted.

15. This defendant admits that Wachovia Bank dishonored and returned the check for insufficient funds. This defendant is without sufficient information to form an opinion or belief as to what date that occurred.

16. The allegations of this paragraph do not apply to this defendant, therefore they are denied.

17. The defendant adopts and incorporates its previous responses set out herein as its response to the allegations in this paragraph.

18. The term "entrusted" in paragraph 18 is ambiguous. Subject to the meaning of that term, the allegations in paragraph 18 are admitted.

19. This defendant neither admits nor denies the allegations contained in paragraph 19 of plaintiff's Complaint as this defendant is without sufficient information to form an opinion or belief as to the truth of the allegations contained therein and leave plaintiff to its strict proof.

20. This defendant denies that on March 12, 2007 he was the treasurer for Highway Solutions and/or Safety Guide, but as to the remainders of the allegations of this paragraph, they are admitted.

21. Any determination by an administrative law judge as set out in this paragraph of the complaint is denied by this defendant as he was never given the opportunity to present evidence and/or testimony in any such proceeding to defend against the assertions of the taxpayer in that action. Thus, any determination by the Alabama Department of Revenue administrative law judge was made based on unrebutted but false and erroneous contentions. Therefore, this defendant denies the accuracy of the content of the quotation but admits that, with the exception of the bracketed portion, it is accurately quoted from the final order of March 2, 2006 as asserted.

22. This Defendant neither admits nor denies the allegations contained in paragraph 21 of plaintiff's Complaint as they call for a legal conclusion.

23. This Defendant neither admits nor denies the allegations contained in paragraph 23 of plaintiff's Complaint as this defendant is without sufficient information to form an opinion or belief as to the truth of the allegations contained therein and leave plaintiff to its strict proof.

**Affirmative Defenses**

FIRST DEFENSE

This defendant pleads the general issue and denies each and every material allegation and demands strict proof thereof.

SECOND DEFENSE

This defendant owed no individual duty to the plaintiff except insofar as his role with his employer was concerned.

THIRD DEFENSE

This defendant's actions resulted in no benefit to himself and equity bars recovery against him where the financial benefit of the transactions in question inured to another.

FOURTH DEFENSE

This defendant's actions were on behalf of his employer/co-defendant in this matter with apparent authority and not for his own purposes.

FIFTH DEFENSE

This defendant raises the protections afforded him through Safety Guide and/or Highway Solutions pursuant to the Chapter 11 bankruptcy filings of Anne and/or Michael Marcato, Safety Guide and/or Highway Solutions. (07-30824)

### SIXTH DEFENSE

Any rights purportedly asserted by plaintiff arising under § 7-3-301 or any other section of the Alabama Uniform Commercial Code are not enforceable against this defendant.

### SEVENTH DEFENSE

This defendant cannot be personably liable for liabilities on the account of depositor not himself.

Respectfully Submitted,

_____
Jack B. Hinton, Jr. (HIN020)
Attorney for the Defendant Thomas J. Mills

OF COUNSEL:
Gidiere, Hinton, Herndon & Christman
P.O. Box 4190
Montgomery, AL 36103
(334)834-9950

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing was served on the following by placing a copy of same in the United States mail, postage prepaid and properly addressed this 15th of June, 2007.

Dennis R. Bailey
Bowdy J. Brown
Bethany Bolger
Rushton, Stakely, Johnston
 & Garrett, PA
P.O. Box 270
Montgomery, AL 36101-0270

James David Martin
Robert David Segall
Copeland Franco Screws & Gill
PO Box 347
444 South Perry Street
Montgomery, AL 36101-0347

_____
Jack B. Hinton, Jr.