IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| WHITNEY NATIONAL BANK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 2:07-cv-00414-MEF |
| | ) |
| SAFETY GUIDE OF ALABAMA, LLC | ) |
| and THOMAS J. MILLS, | ) |
| | ) |
| Defendants. | ) |

**JOINT REPORT OF PARTIES' PLANNING MEETING**

Plaintiff Whitney National Bank ("Whitney") and defendant Thomas J. Mills ("Mills") hereby submit the following report of their Planning Meeting.

1. Pursuant to Fed.R.Civ.P. 26(f), a meeting was held on August 22, 2007. The meeting was attended by Gregory C. Cook for plaintiff and Jack B. Hinton, Jr. for Mills.

2. Synopsis of Case.

(a) Plaintiff's Synopsis of Case. This is an action for the loss on a dishonored check. The check was written by Safety Guide to Highway Solutions for $150,000. Mr. Mills was the comptroller for both corporations. The check was deposited into the Highway Solutions bank account at Whitney National Bank and was subsequently returned because of insufficient funds by Safety Guide's bank.

918395.1

Before the check was returned, all of the check's proceeds were emptied from the Highway Solutions account.

(b) <u>Defendant's Synopsis of Case</u>. This is an action for the loss on a dishonored check. The check was written by Safety Guide of Alabama LLC to Highway Solutions LLC for $150,000.00. Defendant Tom Mills was the comptroller of both corporations at the time. The check was deposited into the Highway Solutions bank account at Whitney National Bank. All of the check's proceeds were utilized by Highway Solutions to pay its obligations. Afterwards, the check was returned by Safety Guide's bank because of insufficient funds. Safety Guide and its principals have filed for bankruptcy.

3. <u>Pre-Trial/Discovery Plan</u>.

(a) Plaintiff proposes to the Court the following tentative pre-trial/discovery plan:

| | |
|---|---|
| August 31, 2007: | Initial Disclosures |
| August 31, 2007: | Deadline for plaintiff to move for leave to join additional parties or amend pleadings. |
| September 7, 2007: | Deadline for defendant to move for leave to join additional parties or amend pleadings. |
| September 7, 2007: | All Fed.R.Civ.P. 26(a)(2)) information must be provided by plaintiff. |
| September 14, 2007: | All Fed.R.Civ.P. 26(a)(2) information must be provided by defendant. |

| | |
|---|---|
| October 12, 2007: | All discovery must be initiated in time to be complete by this date. |
| October 15, 2007: | Deadline for any party to file a Motion for Summary Judgment. If any such motion is filed (whether on this or any other), the responding party shall have 14 days for a reply and the moving party shall have 7 days to file a rebuttal. |
| December 3, 2007: | All parties file witness and exhibit lists and any designation of deposition testimony. |
| December 17, 2007: | All parties object to witness and exhibit lists and designated deposition testimony. |
| December 17, 2007: | All parties file motions in limine. |
| February 4, 2008: | Trial |

(b)     Defendant proposes to the Court the following tentative pre-trial/discovery plan:

| | |
|---|---|
| September 14, 2007: | Initial Disclosures |
| September 14, 2007: | Deadline for plaintiff to move for leave to join additional parties or amend pleadings. |
| October 1, 2007: | Deadline for defendant to move for leave to join additional parties or amend pleadings. |
| October 1, 2007: | All Fed.R.Civ.P. 26(a)(2)) information must be provided by plaintiff. |
| November 1, 2007: | All Fed.R.Civ.P. 26(a)(2) information must be provided by defendant. |
| February 15, 2008: | All discovery must be initiated in time to be complete by this date. |
| February 18, 2008: | Deadline for any party to file a Motion for Summary Judgment. If any such motion is filed (whether on this or any other), the responding |

918395.1

3

|               |                                                                                                  |
|---------------|--------------------------------------------------------------------------------------------------|
|               | party shall have 14 days for a reply and the moving party shall have 7 days to file a rebuttal. |
| April 7, 2008:  | All parties file witness and exhibit lists and any designation of deposition testimony.        |
| April 21, 2008: | All parties object to witness and exhibit lists and designated deposition testimony.           |
| April 21, 2008: | All parties file motions in limine.                                                            |
| June 9, 2008:   | Trial                                                                                          |

4. <u>Reasons for Competing Discovery and Trial Schedules</u>:

(a) <u>Plaintiff's position</u>: This is a simple case, with only one defendant. It concerns a single check that was dishonored. Plaintiff has requested a bench trial. Discovery should be minimal and motion practice will likely be limited. This case was filed in May, 2007. The trial date suggested is the first available bench trial date in 2008, almost ten (10) months after filing of the complaint. The remainder of the dates on the schedule follow logically from the trial date and from the Court's request that the summary judgment deadline be 90 days in advance of the pretrial hearing.

(b) <u>Defendant's position</u>: Both Mr. and Mrs. Marcato have filed individual bankruptcy petitions. They are the principals of Safety Guide. Safety Guide has likewise filed for bankruptcy. Mills has raised as a defense the protections which might be available to him under those bankruptcy filings, the degree and extent of which is still unknown.

918395.1                                          4

Mills through the undersigned counsel understands that Highway Solutions is relatively insolvent and may file for bankruptcy itself. Mr. and Mrs. Marcato are also the principals in Highway Solutions. Mills has sought insurance coverage through Safety Guide and Highway Solutions carrier but has not gotten a response on coverage yet. The closely held nature of these corporations and the present and potential bankruptcy and insurance issues make this case one that would not be reasonably expected to move at the same rate that a normally functioning piece of civil litigation might move. Consequently, a February 2008 trial date (with the commensurate deadlines backed out of that trial date) is too fast and unworkable for this defendant.

5. <u>Additional Limitations on Discovery</u>. The parties jointly propose to the Court the following additional limitations on discovery:

(a) Maximum of 30 interrogatories by each party to any other party unless otherwise agreed to by the parties or upon leave of Court. [Responses due 30 days after service.]

(b) Maximum of 30 requests for admission by each party to any other party unless otherwise agreed to by the parties or upon leave of Court. [Responses due 30 days after service.]

(c) Maximum of 7 depositions by any party, unless otherwise agreed to by the parties or upon leave of Court.

(d) Each deposition is limited to a maximum of 7 hours unless otherwise agreed to by the parties or upon leave of Court.

6. <u>Scheduling Order</u>. The parties do not request a conference with the Court before entry of a scheduling order.

7. <u>Settlement</u>. Settlement cannot be evaluated prior to October 15, 2007.

8. <u>Pre-Trial Conference</u>.

    (a) Plaintiff requests a pre-trial conference in January 2008.

    (b) Defendant requests a pre-trial conference in May 2008.

9. The parties consent to electronic service of documents and pleadings and agree that service occurs on the day electronically filed.

                                      Respectfully submitted,

                                      /s/ Gregory C. Cook
                                      One of the Attorneys for Plaintiff
                                      Whitney National Bank

**OF COUNSEL:**

Gregory C. Cook
BALCH & BINGHAM LLP
1710 6th Avenue North
Post Office Box 306
Birmingham, Alabama 35201-0306
Telephone: 205-226-3426
Facsimile: 205-488-5870
**gcook@balch.com**

/s/ Jackson B. Hinton, Jr.
One of the Attorneys for Defendant
Thomas J. Mills

**OF COUNSEL**:

Jack B. Hinton, Jr.
GIDIERE, HINTON, HERNDON
  & CHRISTMAN
904 Regions Tower
60 Commerce Street
Montgomery, Alabama 36104

918395.1                               7