IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| WHITNEY NATIONAL BANK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 2:07-CV-414-MEF |
| | ) |
| SAFETY GUIDE OF ALABAMA | ) |
| LLC and THOMAS J. MILLS, | ) |
| | ) |
| Defendants. | ) |

**FIRST AMENDED COMPLAINT**

Comes now Whitney National Bank (hereinafter "Whitney Bank") and amends and states its claim against Thomas J. Mills[1]:

1.   Plaintiff Whitney Bank is a national bank having its main office in New Orleans, Louisiana. For diversity purposes, it is a citizen of the State of Louisiana. 28 U.S.C. § 1348. Wachovia Bank v. Schmidt, 546 U.S. 303, 126 S. Ct. 941, 163 L.Ed.2d 797 (2006).

---

[1] Pursuant to 11 U.S.C. § 362, the automatic stay pertains to all claims of Whitney Bank against Safety Guide. By this First Amended Complaint, Whitney Bank does not take any action with regard to Safety Guide. Whitney Bank amends only those counts applicable to defendant Thomas J. Mills by revising Count II and adding Count III and Count IV. Whitney Bank is reproducing the remainder of the original complaint pursuant to the Order of this Court of October 24, 2007 per Local Rule 15.1 (requiring that any amendment "reproduce the entire pleading as amended"). The reproduction of the remainder of the Complaint is not intended to be and does not constitute an action by Whitney Bank against Safety Guide.

938019.1

2. Defendant Safety Guide of Alabama LLC ("Safety Guide") is a limited liability company formed under the laws of the State of Alabama with its principal place of business located in Montgomery, Alabama and within the Middle District of Alabama, Northern Division. For diversity purposes, it is a citizen of the State of Alabama.

3. Thomas J. Mills ("Tom Mills") is a resident citizen of the State of Alabama residing in Montgomery County within the Middle District of Alabama, Northern Division.

4. The amount in controversy exceeds $75,000, exclusive of interest and costs.

5. Upon information and belief, Safety Guide is managed by Michael C. Marcato.

6. Upon information and belief Safety Guide is related to a customer of Whitney Bank named Highway Solutions, LLC ("Highway Solutions") and has common management.

7. Upon information and belief, Tom Mills was, on that date, the comptroller or controller of Safety Guide and Highway Solutions.

8. On March 12, 2007, an officer or employee entrusted with the checks of Highway Solutions wrote an $80,000 check on its Whitney Bank account

payable to Safety Guide which was deposited into Safety Guide's account at another bank and subsequently honored by Whitney Bank.

9. Also on March 12, 2007, an officer or employee entrusted with the checks of Safety Guide issued a check on its account with another bank to Highway Solutions in the amount of $150,000 which was deposited with Whitney Bank on that date.

10. Officers or employees of Highway Solutions and/or Safety Guide immediately began writing checks drawn on its Whitney Bank account and depleted the deposited amount.

11. After Highway Solutions had depleted the deposited funds, the Safety Guide check was dishonored by Safety Guide's bank.

### COUNT I: SAFETY GUIDE DISHONORED CHECK

12. Whitney Bank incorporates in this Count all prior paragraphs of the complaint.

13. On March 12, 2007, an officer or employee of Safety Guide entrusted with the checks of that company issued a negotiable instrument payable to Highway Solutions in the amount of $150,000.

14. Whitney Bank credited the account of Highway Solutions LLC which, in turn, wrote checks from its account with Whitney Bank on the funds deposited.

15. Wachovia Bank dishonored and returned the check for insufficient funds on or before March 29, 2007.

16. Whitney Bank is a person entitled to enforce the instrument pursuant to the Alabama Uniform Commercial Code. Ala. Code § 7-3-301.

WHEREFORE, Safety Guide of Alabama, LLC is obligated to pay $150,000 to Whitney Bank, plus interest and costs of suit.

### COUNT II:  CLAIM AGAINST MILLS UNDER ALA. CODE § 6-5-285

17. Whitney Bank incorporates in this Count all prior paragraphs of the complaint.

18. Upon information and belief, Michael Marcato and/or Highway Solutions may claim that the making of such $150,000 check was unauthorized or was not done by himself but was instead made by Mr. Mills. If this is correct, Mr. Mills is liable under Ala. Code § 6-5-285 for having made such check.

19. Further, on or about March 12, 2007, Mr. Mills uttered and/or delivered such check for $150,000 to Whitney Bank. Therefore he is also liable for uttering and/or delivering such check even if he did not make the check under Ala. Code § 6-5-285.

20. Such check was, and is, worthless as that term is used under Ala. Code § 6-5-285.

21. Whitney Bank is a holder of such check under Ala. Code § 6-5-285.

WHEREFORE Whitney Bank claims against Thomas J. Mills for both punitive and compensatory damages, including a reasonable attorney fee, pursuant to Ala. Code § 6-5-285.

### COUNT III: CLAIM AGAINST MILLS UNDER ALA. CODE § 7-3-415

22. Whitney Bank incorporates in this Count all prior paragraphs of the complaint.

23. Thomas J. Mills indorsed such $150,000 check and deposited such check at Whitney Bank on or about March 12, 2007.

24. Ala. Code § 7-3-415 requires him to pay the amount due on the instrument to Whitney Bank "according to the terms of the instrument at the time it was indorsed."

WHEREFORE, Whitney Bank demands judgment against Thomas J. Mills in the amount of $150,000, plus a reasonable attorney fee, interest, and costs of suit.

### COUNT IV: FRAUD AND/OR SUPPRESSION AGAINST THOMAS J. MILLS

25. Whitney Bank incorporates in this Count all prior paragraphs of the complaint.

26. To the extent that Thomas J. Mills did sign such $150,000 check, he has made a false statement, knowing of the falsity of such statement. Further, Mr. Mills deposited said check, and completed the deposit slip for such deposit, again with knowledge that such statements were false (or, in the alternative, with wanton, reckless, negligent or innocent intent). Mr. Mills assured Whitney Bank about the funds in the account for the $150,000 check.

27. Furthermore, Mr. Mills failed to disclose the fact that such check was worthless and that it had been made, uttered and deposited with not sufficient funds being present in said account and that no further funds were forthcoming and that checks were being written or debited against the Whitney Bank account to withdraw said funds. Mr. Mills has a duty to disclose such facts because of the earlier statements he had made, the relationship of the parties and the particular circumstances.

28. Whitney Bank relied upon these false statements and these suppressions and omissions and credited money to said account and paid checks that were presented to such account and did not close such account at that time. Such reliance was reasonable.

29. Whitney Bank has been proximately damaged by such fraud and suppression.

WHEREFORE, Whitney Bank demands judgment against Thomas J. Mills in the amount of $150,000, plus appropriate punitive damages, interest, and costs of suit.

/s/ Gregory C. Cook
One of the Attorneys for Plaintiff
Whitney National Bank

**OF COUNSEL:**

Gregory C. Cook
BALCH & BINGHAM LLP
1710 6th Avenue North
Post Office Box 306
Birmingham, Alabama 35201-0306
Telephone: 205-226-3426
Facsimile: 205-488-5870
gcook@balch.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 30TH day of October, 2007, I have electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the person whose address is listed below, and/or via first-class United States mail, postage prepaid, as indicated by the Court's notice:

> Jack B. Hinton, Jr.
> Gidiere, Hinton, Herndon & Christman
> 904 Regions Tower
> 60 Commerce Street
> Montgomery, Alabama 36104
> *Attorney for Defendant Thomas J. Mills*

/s/ Gregory C. Cook
Of Counsel