IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| WHITNEY NATIONAL BANK, | ) | |
| | ) | |
| Plaintiff | ) | |
| v. | ) | CIVIL ACTION NO. 2:07cv414-MEF |
| | ) | |
| SAFETY GUIDE OF | ) | |
| ALABAMA, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER ON MOTION AND PROTECTIVE ORDER

On December 14, 2007, the parties filed a joint Motion for a Protective Order (Doc. #36). Upon consideration of the motion (Doc. #36), it is

ORDERED that the motion (Doc. #36) is GRANTED. It is further

**ORDERED** that:

1. The parties or any respondent to subpoena may designate information provided in this action as "Confidential" information (discussed below). The Court directs the parties exercise good faith and restraint in designating documents as "confidential" and to make such a designation only when a party asserts that such documents merit legal protection.

2. "Confidential" information may be designated as follows:

(a) Documents or other tangible materials may be designated as "Confidential": (i) by a letter addressed to counsel in the case indicating that the documents are designated "Confidential", or (ii) by stamping or writing the appropriate legend on the copies of the documents or other materials produced.

(b)     Depositions or other testimony may be designated as "Confidential" by either of the following means: (i) by stating orally on the record that the information is "Confidential" on the day the testimony is given; or (ii) by sending written notice designating information as "Confidential" within ten (10) days after the date of the deposition.

(c)     Inadvertent failure to designate documents or testimony as "Confidential" at the time of disclosure shall not operate to waive a party's right to later designate such material or information as "Confidential" but no party shall be held in breach of this Order if, in the interim, such material or information has been disclosed to any person(s) not authorized to receive "Confidential" materials and information under this Order, or has been used in a manner inconsistent with this Order. After such a belated designation has been made, however, the relevant materials or testimony shall be treated as "Confidential" in accordance with this Order.

3.     Any person responsible for making copies of "Confidential" materials must ensure that the copies adequately reflect the "Confidential" designation.

4.     Materials designated as "Confidential", including any copies, notes, abstracts or summaries thereof, shall be maintained in confidence by the person to whom such materials are produced or disclosed, and shall not be disclosed to any person, except:

(a)     the Court;

(b)     court reporters who record depositions or other testimony in this action;

      (c)    counsel of record to the parties in the above-captioned litigation, co-counsel of record, and the legal associates, paralegals and clerical or other support staff who are employed by such counsel and are actually involved in assisting in this litigation;

      (d)    experts or consultants retained by counsel of record to the parties in the above-captioned litigation to assist counsel in preparing this case for trial;

      (e)    parties; and

      (f)    deposition and trial witnesses in the course of preparation or examination.

    5.    All persons authorized by this Order to receive information from material designated "Confidential" shall maintain such information as confidential in accordance with this Order, and shall use such information solely for the purpose of preparing for and conducting the above-captioned litigation and neither materials designated "Confidential" nor the contents thereof shall be used for any business, commercial, or competitive purposes.

    6.    All persons authorized to receive "Confidential" information under this Order (other than the Court and court reporters) shall be shown a copy of this Order, and, if not a lawyer acting as counsel to a named party or an employee of such counsel, shall, in a written and signed Certificate, state that he or she has read the Order and agrees to be bound by the terms thereof. Counsel of record for the party disclosing such confidential information shall then retain the Certificate until the conclusion of the litigation.

    7.    If materials designated "Confidential", or quotes from, references to or summaries of such materials are to be included in papers filed with or otherwise disclosed

to the Court, such papers shall be labeled "Confidential — Subject to Court Order" and, unless otherwise agreed by counsel, to the extent allowed by Court rules shall be filed in a sealed envelope and kept under seal and not disclosed to any person unless ordered by this Court.

8.     Nothing herein shall prevent any of the parties from using "Confidential" materials in connection with any trial, hearing, or other proceeding in this matter or from seeking further protection with respect to the use of any such "Confidential" materials in connection with such trial, hearing or other proceeding in this matter.

9.     All documents or other materials (and all copies) produced in this action and which have been labeled "Confidential" shall be shall be destroyed at the conclusion of this action.

10.    Nothing herein shall be construed to restrict any party's use of information that is possessed or known prior to disclosure by another party, or is public knowledge, or is independently developed or acquired outside of the production and exchange covered by this Order.

11.    Nothing in this Order shall be construed to limit the right of any party to contest the designation of a document as "Confidential" and this Court will remain open to hear any motion contesting such a designation. However, until this Court has heard such a motion, all parties must continue to treat all designated documents as "Confidential" and subject to this Order.

DONE this 18th day of December, 2007.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE