IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| WHITNEY NATIONAL BANK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 2:07-CV-414-MEF |
| | ) |
| SAFETY GUIDE OF ALABAMA LLC | ) |
| and THOMAS J. MILLS, | ) |
| | ) |
| Defendants. | ) |

**BRIEF IN SUPPORT OF STATEMENT REQUESTING
DOCUMENTS TO BE MAINTAINED UNDER SEAL**

**I.     Statement of Facts**

On December 14, 2007, the parties in this case filed a joint Motion for a Protective Order. This Court granted that Motion by Order of December 18, 2007. That Order provided, *inter alia*, that the parties may designate information exchanged in this action "Confidential" where such information merits legal protection. In compliance with that Order, Whitney Bank produced a number of financial documents of Highway Solutions, LLC, a non-party to this case, marked "Confidential" in response to the discovery requests by the Defendants. Those documents are Bates-labeled Whitney SG 181 – 281 and 669 – 772.

On February 8, 2008, Defendants filed a number of pleadings under seal, also in compliance with the Protective Order entered by the Court. Included in those pleadings were the previously marked "Confidential" documents produced by Whitney Bank containing the private financial information of non-party Highway Solutions, LLC.

Also included in the papers filed under seal were an "Affidavit of Thomas J. Mills" and a "Brief in Support of Motion for Summary Judgment." Both the Affidavit and the Brief disclose information regarding the financial activity of non-party Highway Solutions, LLC.

957606.1

On February 14, 2008, this Court requested that Whitney Bank file a statement indicating whether it wishes the aforementioned documents filed by the Defendant remain under seal and if it does so wish, to file a brief citing legal authority for action.

## II.     Authority

Financial privacy is a matter of such concern that the federal and state governments have taken significant steps to ensure that the personal financial information of individuals and of private corporations is not made public absent proper cause and justification, and only were certain procedures are followed. Alabama Code § 5-5A-43 provides in its entirety:

> A bank shall disclose financial records of its customers pursuant to a lawful subpoena, summons, warrant or court order issued by or at the request of any state agency, political subdivision, instrumentality, or officer or employee thereof and served upon the bank. No bank, director, officer, employee or agent thereof shall be held civilly or criminally responsible for disclosure of financial records pursuant to a subpoena, summons, warrant or court order which on its face appears to have been issued upon lawful authority.

The comments directly following this statute provide, "Customer records should be disclosed <u>only upon subpoena or court order</u>." The Alabama Supreme Court has clarified its intent to embrace this concept, stating "It is now well settled that absent compulsion by law, a bank may not make any disclosures concerning a depositor's account without the express or implied consent of the depositor." *White v. Regions Bank*, 729 So. 2d 856, 858 (Ala. Civ. App. 1998) (internal citation omitted). A financial institution disclosing such information without proper authorization may be held civilly liable for breach of an implied contract not to disclose private financial information. *Id.* (citation omitted).

The federal government has instituted a similar safeguard by virtue of the Gramm-Leach Bliley Act. 15 U.S.C. § 6801 et seq. The Act provides, "It is the policy of the Congress that each financial institution has an affirmative and continuing obligation to respect the privacy of its

957606.1                                                                 2

customers and to protect the security and confidentiality of those customers' nonpublic personal information." *Id.* at § 6801. Like the Alabama Statute, the Act prohibits the non-consensual disclosure of nonpublic financial information absent certain explicit exceptions. It states, in pertinent part:

> A financial institution may not disclose nonpublic personal information to a nonaffiliated third party unless—
>
> (A) such financial institution clearly and conspicuously discloses to the consumer, in writing or in electronic form or other form permitted by the regulations prescribed under section 504, that such information may be disclosed to such third party;
>
> (B) the consumer is given the opportunity, before the time that such information is initially disclosed, to direct that such information not be disclosed to such third party; and
>
> (C) the consumer is given an explanation of how the consumer can exercise that nondisclosure option.
>
> 15 U.S.C. § 6802(b)(1)

### III. Analysis

As explained above, Whitney Bank produced a number of documents in response to discovery requests by the Defendants which contain nonpublic financial information of Highway Solutions, LLC a non-party to the instant litigation. In compliance with this Court's Protective Order, Whitney Bank marked these documents "Confidential" so that they would remain nonpublic. A primary purpose in keeping these documents "Confidential" was to avoid violating both Alabama and federal statutes which impose liability for exposing the private financial information of customers. Defendant Thomas J. Mills filed his Motion for Summary Judgment and accompanying documents under seal pursuant to the Court's Protective Order for the same reasons.

The "Affidavit of Thomas J. Mills," also filed under seal by the Defendant, makes numerous statements regarding the private financial activity of Highway Solutions, LLC, a non-party to this case. For example, the Affidavit specifically enumerates in Paragraph 12 a series of checks issued by Highway Solutions, LLC including the check number and the amount of each check.

The "Brief in Support of Motion for Summary Judgment," also filed under seal by the Defendant, further discloses private financial information of Highway Solutions, LLC, a non-party to this case. Specifically, the last paragraph on Page 2 and continuing onto Page 3 discloses that funds were wired and transferred, and online payments were made, on behalf of Highway Solutions, LLC.

No subpoena or court order has been issued in this case requiring the disclosure of the nonpublic financial information of Highway Solutions, LLC. Nor has Highway Solutions, LLC given either of the parties in this matter the authority to disclose its private financial information. Accordingly, Whitney Bank respectfully requests that the documents previously filed remain under seal. Should the Court conclude that Defendant's "Brief in Support of Motion for Summary Judgment" may not remain under seal in its entirety, Whitney Bank requests that redaction be ordered for those parts of the Brief containing the nonpublic financial information on a non-party.

Respectfully submitted, this 21st day of February, 2008

/s/ Gregory C. Cook
Gregory C. Cook
BALCH & BINGHAM LLP
1710 6th Avenue North
Post Office Box 306
Birmingham, Alabama 35201-0306
Telephone: 205-226-3426
Facsimile: 205-488-5870
gcook@balch.com

## CERTIFICATE OF SERVICE

I certify that on February 21, 2008, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification to the person whose address is listed below:

Jack B. Hinton, Jr.
Gidiere, Hinton, Herndon & Christman
904 Regions Tower
60 Commerce Street
Montgomery, Alabama 36104
*Attorney for Defendant Thomas J. Mills*

/s/ Gregory C. Cook
Of Counsel