IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| WHITNEY NATIONAL BANK | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: 2:07-CV-414-MEF |
| | ) | |
| THOMAS J. MILLS and SAFETY GUIDE | ) | |
| OF ALABAMA, LLC. | ) | |
| | ) | |
| Defendants. | ) | |

ANSWER OF DEFENDANT THOMAS J. MILLS
TO PLAINTIFF'S AMENDED COMPLAINT

Comes now the defendant, Thomas J. Mills, by and through undersigned counsel, and in answer to the Amended Complaint filed in this cause and count thereof, says as follows:

**Response to Factual Allegations**

1. This defendant neither admits nor denies the allegations contained in paragraph 1 of plaintiff's Complaint as this defendant is without sufficient information to form an opinion or belief as to the truth of the allegations contained therein and leave plaintiff to its strict proof.

2. Admitted.

3. Admitted.

4. Admitted.

5. Admitted.

6. The terms "related to" in paragraph 6 are ambiguous. Subject to the meaning of those terms, the allegations in paragraph 6 are admitted.

7. Admitted.

8. This defendant admits that some time around March 12, 2007, an officer or employee of Highway Solutions wrote an $80,000 check on its Whitney Bank account payable to Safety Guide which was deposited into Safety Guide's account at another bank and subsequently honored by Whitney Bank. It is unknown to this defendant as to plaintiff's meaning as referenced in paragraph 8 of the terms "entrusted with the checks", therefore this defendants denies this portion of the allegations in paragraph 8.

9. This defendant admits that some time around March 12, 2007, an officer or employee of Safety Guide issued a check on its account with another bank to Highway Solutions in the amount of $150,000 which was deposited with Whitney Bank around that date. It is unknown to this defendant as to plaintiff's meaning as referenced in paragraph 9 of the terms "entrusted with the checks", therefore this defendants denies this portion of the allegations in paragraph 9.

10. The term "immediately" in paragraph 10 is ambiguous. Subject to the meaning of that term, the allegations in paragraph 10 are admitted.

11. Admitted.

12. The defendant adopts and incorporates his previous responses set out herein as its response to the allegations in this paragraph.

13. Admitted.

14. Admitted.

15. This defendant admits that Wachovia Bank dishonored and returned the check for insufficient funds. This defendant is without sufficient information to form an opinion or belief as to what date that occurred.

16. The allegations of this paragraph do not apply to this defendant, therefore they are denied.

17. The defendant adopts and incorporates its previous responses set out herein as its response to the allegations in this paragraph.

18. Denied.

19. This defendant admits that on or about March 12, 2007, he delivered the check to Whitney Bank, but as to the remainders of the allegations of this paragraph, they are denied.

20. Denied.

21. Admitted.

22. The defendant adopts and incorporates its previous responses set out herein as its response to the allegations in this paragraph.

23. Admitted.

24. Denied.

25. The defendant adopts and incorporates its previous responses set out herein as its response to the allegations in this paragraph.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

**Affirmative Defenses**

FIRST DEFENSE

This defendant pleads the general issue and denies each and every material allegation and demands strict proof thereof.

SECOND DEFENSE

This defendant owed no individual duty to the plaintiff except insofar as his role with his employer was concerned.

THIRD DEFENSE

This defendant's actions resulted in no benefit to himself and equity bars recovery against him where the financial benefit of the transactions in question inured to another.

FOURTH DEFENSE

This defendant's actions were on behalf of his employer/co-defendant in this matter with apparent authority and not for his own purposes.

FIFTH DEFENSE

This defendant raises the protections afforded him through Safety Guide and/or Highway Solutions pursuant to the Chapter 11 bankruptcy filings of Anne and/or Michael Marcato, Safety Guide and/or Highway Solutions.  (07-30824)

SIXTH DEFENSE

Any rights purportedly asserted by plaintiff arising under §7-3-301 or any other section of the Alabama Uniform Commercial Code are not enforceable against this defendant.

SEVENTH DEFENSE

This defendant cannot be personally liable for liabilities on the account of depositor not himself.

### EIGHTH DEFENSE

This defendant adopts and realleges as is set out herein in full his Brief in Support of Motion for Summary Judgment (Doc. 45).

Respectfully Submitted,

/s/ Jack B. Hinton, Jr.
Jack B. Hinton, Jr. (HIN020)
Attorney for the Defendant Thomas J. Mills

OF COUNSEL:
Gidiere, Hinton, Herndon & Christman
P.O. Box 4190
Montgomery, AL   36103
(334)834-9950

CERTIFICATE OF SERVICE

      I hereby certify that the above and foregoing was served on the following by placing a copy of same in the United States mail, postage prepaid and properly addressed this 25th of February, 2008.

Gregory C. Cook
BALCH & BINGHAM LLP
1710 6th Avenue North
P. O. Box 306
Birmingham, AL  35201-0306

                                        /s/ <u>Jack B. Hinton, Jr.</u>
                                        Jack B. Hinton, Jr.