IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| WHITNEY NATIONAL BANK | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: 2:07-CV-414-MEF |
| | ) | |
| THOMAS J. MILLS and SAFETY GUIDE | ) | |
| OF ALABAMA, LLC. | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT MILLS' RESPONSE TO PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT**

Comes now the defendant, Thomas J. Mills, by and through the undersigned counsel, and and submits the following response to Plaintiff's Motion for Summary Judgment. This defendant hereby adopts and realleges as is set out herein in full his Motion to Dismiss (Doc. 34), Brief in Support of Motion to Dismiss (Doc. 37), Motion for Summary Judgment(Doc. 44), Brief in Support of Motion for Summary Judgment (Doc. 45) and the Affidavit of Thomas J. Mills (Sealed Doc. 46) previously filed in this case.

The court's role at the summary-judgment stage is not to weigh the evidence or to determine the truth of the matter, but rather to determine only whether a genuine issue exists at trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). In doing so, the court must view the evidence in the light most favorable to the non-moving party and draw all reasonable inferences in favor of that party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

The plaintiff has failed to demonstrate that there is no genuine issue of material fact and that the plaintiff is entitled to judgment as a matter of law. At trial, Whitney National Bank ("Whitney Bank") will bear the burden of proving all of the elements of each and every claim alleged in its Amended

1

Complaint. As the moving party, Whitney Bank must identify those portions of the pleadings, depositions, answers to interrogatories, admissions, and other evidence that shows an absence of any genuine issue of material fact and that Whitney Bank is entitled to judgment as a matter of law. <u>Hariston v. Gainesville Publishing Co.</u>, 9 F.3d 913, 918 (11th Cir. 1993). Whitney Bank has not satisfied that requirement. Defendant Mills has offered clear proof in his motion for summary judgment and in this response that there are no genuine issues of material fact as pertaining to defendant Mills. Therefore, it is Mills who is entitled to summary judgment, not Whitney Bank. Assuming without conceding, there is at the bare minimum a question of fact on the issues raised by Mills in the filings made heretofore.

     WHEREFORE premises considered, defendant Thomas J. Mills respectfully requests that this Honorable Court deny the plaintiff's motion for summary judgment and enter a summary judgment in favor of the defendant on each and every allegation of the plaintiff's amended complaint.

                                                 Respectfully Submitted,

                                                 /s/ <u>Jack B. Hinton, Jr.</u>
                                               Jack B. Hinton, Jr. (HIN020)
                                             Attorney for the Defendant Thomas J. Mills

OF COUNSEL:
Gidiere, Hinton, Herndon & Christman
P.O. Box 4190
Montgomery, AL   36103
(334) 834-9950

**CERTIFICATE OF SERVICE**

      I hereby certify that the above and foregoing was served on the following by placing a copy of same in the United States mail, postage prepaid and properly addressed this 25th of February, 2008.

Gregory C. Cook
BALCH & BINGHAM LLP
1710 6th Avenue North
P. O. Box 306
Birmingham, AL  35201-0306

                        /s/ Jack B. Hinton, Jr.
                        Jack B. Hinton, Jr.