**UNITED STATES DISTRICT COURT**

MIDDLE DISTRICT OF ALABAMA
OFFICE OF THE CLERK
POST OFFICE BOX 711
MONTGOMERY, ALABAMA 36101-0711

DEBRA P. HACKETT, CLERK

TELEPHONE (334) 954-3600

+            February 26, 2008

# NOTICE OF CORRECTION

**From:**    Clerk's Office

**Case Style:**    Whitney National Bank v. Safety Guide of Alabama , LLC et al

**Case Number:**    2:07-cv-00414-MEF

**This Notice of Correction was filed in the referenced case this date to attach the correct PDF documents previously attached to include an electronic signature on the certificate of service pages.**

**The correct PDF documents are attached to this notice for your review.   Reference is made to document # 54 and # 55   filed on    February 25, 2008.**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| WHITNEY NATIONAL BANK )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>THOMAS J. MILLS and SAFETY GUIDE )<br>OF ALABAMA, LLC. )<br>)<br>Defendants. ) | Case No.: 2:07-CV-414-MEF |

<u>ANSWER OF DEFENDANT THOMAS J. MILLS
TO PLAINTIFF'S AMENDED COMPLAINT</u>

Comes now the defendant, Thomas J. Mills, by and through undersigned counsel, and in answer to the Amended Complaint filed in this cause and count thereof, says as follows:

**Response to Factual Allegations**

1. This defendant neither admits nor denies the allegations contained in paragraph 1 of plaintiff's Complaint as this defendant is without sufficient information to form an opinion or belief as to the truth of the allegations contained therein and leave plaintiff to its strict proof.

2. Admitted.

3. Admitted.

4. Admitted.

5. Admitted.

6. The terms "related to" in paragraph 6 are ambiguous. Subject to the meaning of those terms, the allegations in paragraph 6 are admitted.

7. Admitted.

8. This defendant admits that some time around March 12, 2007, an officer or employee of Highway Solutions wrote an $80,000 check on its Whitney Bank account payable to Safety Guide which was deposited into Safety Guide's account at another bank and subsequently honored by Whitney Bank. It is unknown to this defendant as to plaintiff's meaning as referenced in paragraph 8 of the terms "entrusted with the checks", therefore this defendants denies this portion of the allegations in paragraph 8.

9. This defendant admits that some time around March 12, 2007, an officer or employee of Safety Guide issued a check on its account with another bank to Highway Solutions in the amount of $150,000 which was deposited with Whitney Bank around that date. It is unknown to this defendant as to plaintiff's meaning as referenced in paragraph 9 of the terms "entrusted with the checks", therefore this defendants denies this portion of the allegations in paragraph 9.

10. The term "immediately" in paragraph 10 is ambiguous. Subject to the meaning of that term, the allegations in paragraph 10 are admitted.

11. Admitted.

12. The defendant adopts and incorporates his previous responses set out herein as its response to the allegations in this paragraph.

13. Admitted.

14. Admitted.

15. This defendant admits that Wachovia Bank dishonored and returned the check for insufficient funds. This defendant is without sufficient information to form an opinion or belief as to what date that occurred.

16. The allegations of this paragraph do not apply to this defendant, therefore they are denied.

17. The defendant adopts and incorporates its previous responses set out herein as its response to the allegations in this paragraph.

18. Denied.

19. This defendant admits that on or about March 12, 2007, he delivered the check to Whitney Bank, but as to the remainders of the allegations of this paragraph, they are denied.

20. Denied.

21. Admitted.

22. The defendant adopts and incorporates its previous responses set out herein as its response to the allegations in this paragraph.

23. Admitted.

24. Denied.

25. The defendant adopts and incorporates its previous responses set out herein as its response to the allegations in this paragraph.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

**Affirmative Defenses**

FIRST DEFENSE

This defendant pleads the general issue and denies each and every material allegation and demands strict proof thereof.

SECOND DEFENSE

This defendant owed no individual duty to the plaintiff except insofar as his role with his employer was concerned.

THIRD DEFENSE

This defendant's actions resulted in no benefit to himself and equity bars recovery against him where the financial benefit of the transactions in question inured to another.

FOURTH DEFENSE

This defendant's actions were on behalf of his employer/co-defendant in this matter with apparent authority and not for his own purposes.

FIFTH DEFENSE

This defendant raises the protections afforded him through Safety Guide and/or Highway Solutions pursuant to the Chapter 11 bankruptcy filings of Anne and/or Michael Marcato, Safety Guide and/or Highway Solutions. (07-30824)

SIXTH DEFENSE

Any rights purportedly asserted by plaintiff arising under §7-3-301 or any other section of the Alabama Uniform Commercial Code are not enforceable against this defendant.

SEVENTH DEFENSE

4

This defendant cannot be personally liable for liabilities on the account of depositor not himself.

### EIGHTH DEFENSE

This defendant adopts and realleges as is set out herein in full his Brief in Support of Motion for Summary Judgment (Doc. 45).

Respectfully Submitted,

/s/ <u>Jack B. Hinton, Jr.</u>
Jack B. Hinton, Jr. (HIN020)
Attorney for the Defendant Thomas J. Mills

OF COUNSEL:
Gidiere, Hinton, Herndon & Christman
P.O. Box 4190
Montgomery, AL   36103
(334)834-9950

CERTIFICATE OF SERVICE

      I hereby certify that the above and foregoing was served on the following by placing a copy of same in the United States mail, postage prepaid and properly addressed this 25th of February, 2008.

Gregory C. Cook
BALCH & BINGHAM LLP
1710 6th Avenue North
P. O. Box 306
Birmingham, AL  35201-0306

                                        /s/ Jack B. Hinton, Jr.
                                        Jack B. Hinton, Jr.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| WHITNEY NATIONAL BANK | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: 2:07-CV-414-MEF |
| | ) | |
| THOMAS J. MILLS and SAFETY GUIDE | ) | |
| OF ALABAMA, LLC. | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT MILLS' RESPONSE TO PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT**

Comes now the defendant, Thomas J. Mills, by and through the undersigned counsel, and and submits the following response to Plaintiff's Motion for Summary Judgment. This defendant hereby adopts and realleges as is set out herein in full his Motion to Dismiss (Doc. 34), Brief in Support of Motion to Dismiss (Doc. 37), Motion for Summary Judgment(Doc. 44), Brief in Support of Motion for Summary Judgment (Doc. 45) and the Affidavit of Thomas J. Mills (Sealed Doc. 46) previously filed in this case.

The court's role at the summary-judgment stage is not to weigh the evidence or to determine the truth of the matter, but rather to determine only whether a genuine issue exists at trial. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 249 (1986). In doing so, the court must view the evidence in the light most favorable to the non-moving party and draw all reasonable inferences in favor of that party. <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 587 (1986).

The plaintiff has failed to demonstrate that there is no genuine issue of material fact and that the plaintiff is entitled to judgment as a matter of law. At trial, Whitney National Bank ("Whitney Bank") will bear the burden of proving all of the elements of each and every claim alleged in its Amended

1

Complaint. As the moving party, Whitney Bank must identify those portions of the pleadings, depositions, answers to interrogatories, admissions, and other evidence that shows an absence of any genuine issue of material fact and that Whitney Bank is entitled to judgment as a matter of law. <u>Hariston v. Gainesville Publishing Co.</u>, 9 F.3d 913, 918 (11th Cir. 1993). Whitney Bank has not satisfied that requirement. Defendant Mills has offered clear proof in his motion for summary judgment and in this response that there are no genuine issues of material fact as pertaining to defendant Mills. Therefore, it is Mills who is entitled to summary judgment, not Whitney Bank. Assuming without conceding, there is at the bare minimum a question of fact on the issues raised by Mills in the filings made heretofore.

    WHEREFORE premises considered, defendant Thomas J. Mills respectfully requests that this Honorable Court deny the plaintiff's motion for summary judgment and enter a summary judgment in favor of the defendant on each and every allegation of the plaintiff's amended complaint.

        Respectfully Submitted,

        /s/ <u>Jack B. Hinton, Jr.</u>
        Jack B. Hinton, Jr. (HIN020)
        Attorney for the Defendant Thomas J. Mills

OF COUNSEL:
Gidiere, Hinton, Herndon & Christman
P.O. Box 4190
Montgomery, AL  36103
(334) 834-9950

**CERTIFICATE OF SERVICE**

      I hereby certify that the above and foregoing was served on the following by placing a copy of same in the United States mail, postage prepaid and properly addressed this 25th of February, 2008.

Gregory C. Cook
BALCH & BINGHAM LLP
1710 6th Avenue North
P. O. Box 306
Birmingham, AL  35201-0306

                                   /s/ <u>Jack B. Hinton, Jr.</u>
                                   Jack B. Hinton, Jr.