IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| WHITNEY NATIONAL BANK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 2:07-CV-414-MEF |
| | ) |
| SAFETY GUIDE OF ALABAMA LLC | ) |
| and THOMAS J. MILLS, | ) |
| | ) |
| Defendants. | ) |

**REPLY TO DEFENDANT MILLS' RESPONSE TO PLAINTIFF
WHITNEY NATIONAL BANK'S MOTION FOR SUMMARY JUDGMENT**

Comes now Whitney National Bank ("Whitney Bank"), and files this brief in reply to Defendant Thomas J. Mills' Response to Whitney Bank's Motion for Summary Judgment on Counts II and III of the Amended Complaint.[1] Whitney Bank respectfully represents to the Court as follows:

**SUMMARY OF THE ARGUMENT**

As set forth in Counts II and III of the Amended Complaint, Thomas J. Mills ("Mills") is liable to Whitney Bank for (i) delivering and/or uttering a worthless check in violation of ALA. CODE § 6-5-285, and for (ii) indorsing and depositing a worthless check in violation of ALA. CODE § 7-3-415. The material facts regarding Counts II and III are simple, undisputed, and have been admitted by Mills. Whitney Bank therefore requests that this Court grant summary judgment in its favor and against Mills on Counts II and III based upon the substantial evidence offered by Whitney Bank, the lack of evidence offered by Mills, and the admissions of Mills.

---

[1] Whitney Bank hereby adopts and re-alleges as if fully set forth herein its Brief and Response to Thomas J. Mills' Motion to Dismiss or in the Alternative, Motion to Stay First Amended Complaint [*Docket No. 39*], its Motion for Summary Judgment as to Defendant Thomas J. Mills on Counts II and III [*Docket No. 42*], and its Brief in Opposition to Thomas J. Mills' Motion for Summary Judgment. [*Docket No. 57.*]

Because of the bankruptcy stay applicable to Safety Guide of Alabama, LLC ("Safety Guide"), Whitney Bank does not take any action with regard to Safety Guide.

### BRIEF PROCEDURAL HISTORY

1. On October 30, 2007, Whitney Bank filed its Amended Complaint in the instant lawsuit (the "Amended Complaint"). [*Docket No. 31.*]

2. On January 28, 2008, Whitney Bank filed its Motion for Summary Judgment as to Mills on Counts II and III of the Amended Complaint ("Whitney Bank's Motion"). [*Docket No. 42.*] In support of Whitney Bank's Motion, Whitney Bank attached the affidavit of Louis Dubose as **Exhibit "A"** (the "Dubose Affidavit"). [*Id.*]

3. On February 8, 2008, Mills filed his Motion for Summary Judgment ("Mills' Motion") [*Docket No. 44*] and his Brief in Support of his Motion for Summary Judgment (the "Brief"). [*Docket No. 45.*] In support of the Brief, Mills attached the affidavit of Thomas J. Mills (the "Mills Affidavit"). [*Sealed Docket No. 46.*]

4. In the Brief, Mills admits that, aside from whether Safety Guide and Highway Solutions, LLC have "common management", "the essential facts of the transaction made the subject of this lawsuit are undisputed." [Brief, p. 1.]

5. On February 25, 2008, Mills filed his Response to Whitney Bank's Motion (the "Response"). [*Docket No. 55.*]

6. On February 27, 2008, Whitney Bank filed its Brief and Response to Mills' Motion. [*Docket No. 57.*]

7. Based on the evidence and admissions contained in the Brief, the Mills Affidavit filed contemporaneously with the Brief, as well as the evidence contained in the Dubose Affidavit, no material facts are in dispute.

**ARGUMENT**

In his Response, Mills offers no evidence to refute the evidence presented in Whitney Bank's Motion and the Dubose Affidavit.[2] Even if this alone were not enough to grant Whitney Bank's Motion, Mills admits committing each and every act that Whitney Bank must prove in order to prevail in this lawsuit against him.[3] Whitney Bank's Motion should therefore be granted because there are no remaining facts for this Court to determine.

As the United States Supreme Court has explained:

> Under Rule 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."

*Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (quoting FED. R. CIV. P. 56(c)).

The party moving for summary judgment "bears the initial responsibility of informing the district court of the basis for its motion," and "identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Id.* at 323 (quoting FED. R. CIV. P. 56(c)). Once the moving party has met its burden, Rule 56(c) "requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324 (quoting FED. R. CIV. P. 56(c)).

---

[2] Mills merely asserts in the Response that Whitney Bank "has failed to demonstrate that there is no genuine issue of material fact and that [it] is entitled to judgment as a matter of law." [Response, p. 1.]

[3] In the Brief and in the Mills Affidavit, Mills explicitly admits committing each act necessary to prove Whitney Bank's claims against him under section 6-5-285 of the Alabama Code and the claim against Mills for fraud. The only fact not explicitly admitted or denied by Mills is whether he indorsed the Check (as defined in Whitney Bank's Motion), which would prove he is also liable under section 7-3-415 of the Alabama Code. However, Mills states in his Brief that aside from the issue of whether Safety Guide and Highway Solutions, LLC have "common management", "the essential facts of the transaction made the subject of this lawsuit are undisputed." [Brief, p. 1.] In addition, as evidenced by the Dubose Affidavit, Mills has previously indicated to Louis Dubose that he did indorse the Check. [Dubose Aff., ¶ 8.]

Whitney Bank's Motion and the Dubose Affidavit establish, as a matter of law, that Whitney Bank is entitled to summary judgment on its claims against Mills as set out in Counts II and III of the Amended Complaint. The burden therefore shifts to Mills to prove, with admissible evidence, the existence of a disputed material fact.[4]

Not only has Mills failed to prove the existence of a disputed material fact, Mills admits committing each and every act necessary to prove Whitney Bank's claims asserted against him. As stated in the Response, the Court's role at this stage is not to weigh evidence, but rather to determine only whether a genuine issue of material fact exists. [Response, p. 1 (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)]. In addition, the Court must view the evidence in the light most favorable to the non-moving party. [*Id.* (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)]. Viewing the evidence presented to this Court[5] in the light most favorable to Mills, there is no issue of material fact for this Court to determine. Whitney Bank's Motion should therefore be granted.

**I.    By His Own Admissions, Mills is Liable to Whitney Bank for the Check under Section 6-5-285 of the Alabama Code**

Mills admits violating the Alabama Civil Worthless Check Act, section 6-5-285 of the Alabama Code (the "<u>Worthless Check Act</u>"). Under the Worthless Check Act, Mills is liable to

---

[4] Rule 56(e) of the Federal Rules of Civil Procedure states that when a motion for summary judgment is made and supported, "an adverse party may not rest upon . . . mere allegations or denials", but must "set forth specific facts showing that there is a genuine issue for trial." FED. R. CIV. P. 56(e). "If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party." *Id.* Because Mills' Response fails to set forth any facts showing that there is a genuine issue for trial, Whitney Bank's Motion should be granted.

[5] Specifically, the evidence presented in Whitney Bank's Motion, the Dubose Affidavit, the Brief and the Mills Affidavit. Contrary to the bare assertions made in the Response, these are portions of the pleadings, "admissions and other evidence", identified by Whitney Bank that show "an absence of any genuine issue of material fact and that Whitney Bank is entitled to judgment as a matter of law." [Reply, at p. 2 (citing *Hairston v. Gainesville Sun Publ'g Co.*, 9 F.3d 913, 918-19 (11th Cir. 1993)].

Whitney Bank for the Check[6] because he unlawfully delivered the Check. The Brief and the Mills Affidavit prove the required elements of the Worthless Check Act, which states:

> The holder of a worthless check . . . shall have a right of action against the person who unlawfully made, uttered or delivered the same to him or to his endorser; . . . though there has been no [criminal] prosecution . . . of the defendant for his unlawful act. . . . The plaintiff in such action may recover such damages, both punitive and compensatory, including a reasonable attorney fee, as the jury or court trying the case may assess.

ALA. CODE § 6-5-285.

Whitney Bank is the "holder" of the Check because the Check is a negotiable instrument, indorsed in blank, and Whitney Bank is in possession of it. *See* ALA. CODE §§ 7-1-201(b)(21); 7-3-204(a); 7-3-205(a).[7] Therefore, under the Worthless Check Act, Whitney Bank has a right of action against the person who unlawfully made, uttered or delivered[8] the Check to Whitney Bank or its indorser. ALA. CODE § 6-5-285.

As stated in the Brief and Mills Affidavit, Mills delivered the Check, knowing the Check would not be honored. [Mills Aff., ¶ 11.] In addition, Mills delivered the Check, despite knowing it would not be honored, because money was needed in the Account. [Dubose Aff., ¶ 8.] Further, because Mills delivered the Check in order to place funds in the Account, knowing the Check would not be honored, Mills had the requisite intent to defraud Whitney Bank at the time he delivered and deposited the Check.[9]

---

[6] As defined in Whitney Bank's Motion.

[7] Section 7-3-204(a) of the Alabama Code states that "[i]ndorsement" includes a signature restricting payment of the instrument. In the case at hand, the Check was indorsed with the restriction "for deposit only". *See* Exhibit "2" of the Dubose Affidavit. Under section 7-2-206(c) of the Alabama Code, because Whitney Bank is the depository bank that accepted the Check for deposit, Whitney Bank is the "holder" of the Check.

[8] Under the Alabama Code, "'Delivery,' with respect to an instrument . . . means voluntary transfer of possession." ALA. CODE § 7-1-201(b)(15).

[9] The Alabama Supreme Court has interpreted the word "unlawfully" in the Alabama Worthless Check Act as requiring intent to defraud. *Smith v. S.E. Fin. Corp.*, 337 So. 2d 330, 333 (Ala. 1976) (deciding a certified question by the Fifth Circuit Court of Appeals). "'Intent to defraud' requires a scheme to unfairly deprive someone of something of value." *Id.*

Mills' violation of the Worthless Check Act proximately caused Whitney Bank to suffer damages in the amount of $149,699.23, plus costs of collection, including, without limitation, attorneys' fees. Costs of collection, including, without limitation, attorneys' fees, continue to accrue. [Dubos Aff., ¶¶ 7, 9.] Under the Worthless Check Act, Whitney Bank is entitled to recover compensatory damages, punitive damages and attorneys' fees, as this Court deems proper. *See Evans v. Roy Martin Constr., Inc.*, 429 So. 2d 1098, 1100 (Ala. 1983).

As evidenced by the relevant pleadings and exhibits, Whitney Bank is entitled to judgment as a matter of law for the damages it suffered as a result of Mills (i) delivering the Check, (ii) with the intent to defraud Whitney Bank, (iii) knowing that the Check would not be honored. The compensatory damages of $149,699.23 are certain and the material facts are undisputed.

## II.   Mills is Liable for the Check under Section 7-3-415 of the Alabama Code

If an instrument is dishonored, section 7-3-415 of the Alabama Code requires an indorser[10] to pay the amount due on the instrument, according to the terms of the instrument at the time it was indorsed, to the person entitled to enforce it. Therefore, because Mills indorsed the Check,[11] he is required to pay the amount due on that instrument, to the person entitled to enforce it. ALA. CODE §7-4-415.

As explained to this Court in Whitney Bank's Motion and as evidenced in the Dubose Affidavit, Whitney Bank is entitled to enforce the instrument against Mills because (i) Whitney Bank is the holder, (ii) Whitney Bank gave proper notice of the instrument's dishonor, and (iii) Mills is the indorser. [Whitney Bank's Motion, p. 6-8.]

---

[10] "'Indorser' means a person who makes an indorsement." ALA. CODE § 7-3-204(b).

[11] Dubos Aff., ¶ 8.

Other than the issue of whether Safety Guide and Highway Solutions have "common management", Mills admits the essential facts of this transaction are undisputed. Whitney Bank therefore requests that this Court grant Whitney Bank's Motion based upon (i) the evidence offered by Whitney Bank, (ii) the lack of evidence offered by Mills, and (iii) the admissions of Mills in the Brief and the Mills Affidavit.

## CONCLUSION

Whitney Bank's Motion should be granted. In the Brief and in the Mills Affidavit, Mills admits each and every act necessary to prove Whitney Bank's claims asserted against him, leaving no facts for this Court to determine. Whitney Bank's damages are certain, undisputed by Mills, and have been proven by the Dubose Affidavit.

For the foregoing reasons, Whitney Bank requests that this Court enter an Order granting Whitney Bank's Summary Judgment Motion as to Counts II and III.

Respectfully submitted, this 3rd day of March, 2008.

/s/ Gregory C. Cook
Gregory C. Cook
BALCH & BINGHAM LLP
1710 6th Avenue North
Post Office Box 306
Birmingham, Alabama 35201-0306
Telephone: 205-226-3426
Facsimile: 205-488-5870
gcook@balch.com

**CERTIFICATE OF SERVICE**

I certify that on March 3, 2008, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification to the persons whose addresses are listed below:

Jack B. Hinton, Jr.
Gidiere, Hinton, Herndon & Christman
904 Regions Tower
60 Commerce Street
Montgomery, Alabama  36104
*Attorney for Defendant Thomas J. Mills*

                                            /s/ Gregory C. Cook
                                            Of Counsel