IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| WHITNEY NATIONAL BANK, ) | |
| ) | |
| PLAINTIFF, ) | |
| ) | |
| v. ) | CASE NO. 2:07-cv-414-MEF |
| ) | |
| SAFETY GUIDE OF ALABAMA LLC ) | (WO-Do Not Publish) |
| AND THOMAS J. MILLS, ) | |
| ) | |
| DEFENDANTS. ) | |

## **MEMORANDUM OPINION AND ORDER**

### **INTRODUCTION**

By this action, Plaintiff Whitney National Bank ("Whitney") seeks to recover against Thomas J. Mills ("Mills") for three causes of action arising under Alabama law. All claims arise out of Mills' delivery of a check in the amount of $150,000 to Whitney for deposit in an account held there by Safety Guide of Alabama, LLC ("Safety Guide"), one of the companies by which Mills was then employed. This cause is now before the Court on the Motion for Summary Judgment (Doc. # 44) filed by Mills on all claims against him and on the Motion for Summary Judgment as to Defendant Thomas J. Mills on Counts II and III (Doc. # 42) filed by Whitney on two of its three claims against Mills. For the reasons set forth below, the motions are due to be DENIED.

### **JURISDICTION AND VENUE**

The Court exercises subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 (diversity). The parties do not contest personal jurisdiction or venue, and the Court

finds adequate allegations in support of both personal jurisdiction and venue.

## DISCUSSION

Under Federal Rule of Civil Procedure 56(c), summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The party asking for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Id.* at 323. The movant can meet this burden by presenting evidence showing there is no dispute of material fact, or by showing the non-moving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. *Id.* at 322-23.

Once the moving party has met its burden, Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324. *To avoid summary judgment, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts."* *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (emphasis added). A plaintiff must present evidence demonstrating that he can establish the

basic elements of his claim.  *Celotex,* 477 U.S. at 322.  A court ruling on a motion for summary judgment must believe the evidence of the non-movant and must draw all justifiable inferences from the evidence in the non-moving party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).  After the nonmoving party has responded to the motion for summary judgment, the court must grant summary judgment if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  *See* Fed. R. Civ. P. 56(c).  Because there are cross-motions for summary judgment in this case, the Court has considered the facts and reasonable inferences to be drawn from the facts in the light most favorable to the non-moving party as the Court considers each of the motions.

The Court has carefully considered all affidavits and documents submitted in support of and in opposition to the motion.  Because of the present procedural posture, this Court cannot and has not engaged in any credibility determinations in deciding this motion. Although in some respects, this case presents some very close questions, this Court cannot say at this stage of the proceedings that there are no genuine issues of material fact or that either Whitney or Mills have shown that they are entitled to judgment as a matter of law. Indeed, many of the material facts appear to be in dispute.  Consequently, the Motion for Summary Judgment (Doc. # 44) and the Motion for Summary Judgment as to Defendant Thomas J. Mills on Counts II and III (Doc. # 42) are DENIED.

Done this the 30th day of September, 2008.

                                             /s/ Mark E. Fuller
                                 CHIEF UNITED STATES DISTRICT JUDGE