# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| WHITNEY NATIONAL BANK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 2:07-CV-414-WKW |
| ) | [WO] |
| THOMAS J. MILLS, ) | |
| ) | |
| Defendant. ) | |

## ORDER

On February 8, 2018, Plaintiff Whitney National Bank moved to renew the judgment entered on November 24, 2008 against Defendant Thomas J. Mills. (Doc. # 110.) The court ordered that Mr. Mills file a response by March 2, 2018. (Doc. # 111.) Mr. Mills's attorneys then withdrew from representation, and on February 16, 2018, the court directed the Clerk of the Court to mail Plaintiff's motion and the court's order directly to Mr. Mills. (Doc. # 115.) No response has been received.

Plaintiff represents that the judgment has not been satisfied in full and that, "[a]bsent action by the [c]ourt, a presumption that the Judgment is satisfied would arise by operation of Alabama law on or around December 5, 2018." (Doc. # 110, at 1.) Accordingly, it seeks an order from this court renewing the judgment.

Under Federal Rule of Civil Procedure 69(a)(1), "[t]he procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located." The Alabama procedure Plaintiff relies on is Alabama Code §§ 6-9-191 and 6-9-192: "If 10 years have elapsed from the entry of judgment without issue of execution . . . the judgment must be presumed satisfied, and the burden of proving it is not satisfied is upon the plaintiff," and "[n]o execution shall issue on a judgment of the district or circuit court on which an execution has not been sued out within 10 years of its entry until the same has been revived by appropriate motion or action."

The statutory presumption of § 6-9-191 "will prevail until overcome by clear and decisive proof to the contrary or by the establishment of facts and circumstances from which nonpayment may be clearly inferred." *Gambill v. Cassimus*, 22 So. 2d 909, 910 (Ala. 1945) (citation omitted). The proof here comes in the form of an affidavit by Eric Sander, Plaintiff's vice president. (Doc. # 110, at 5–6.) Mr. Sander attests that he maintains possession and control of the books and records of the bank during the ordinary course of business and that, upon a review of those records, "[a]s of January 19, 2018, the outstanding principal balance owed on the Judgment is $104,704.21." (Doc. # 110, at 5–6.) This is sufficient to "produce a reasonable conviction of nonpayment," justifying

revival of the judgment. *Gambill*, 22 So. 2d at 910; *see Gloor v. BancorpSouth Bank*, 216 So. 3d 444, 447 (Ala. Civ. App. 2016) (holding that affidavit testimony from a corporate officer of a bank to the effect that the judgment remained unpaid was sufficient to overcome presumption of satisfaction).

Accordingly, it is ORDERED that Plaintiff's motion to renew judgment (Doc. # 110) is GRANTED and that the Judgment entered in this case on November 24, 2008 against Thomas J. Mills (Doc. # 89) is hereby RENEWED.

DONE this 26th day of March, 2018.

                                              /s/ W. Keith Watkins
                                  CHIEF UNITED STATES DISTRICT JUDGE